UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JARVIS QUALLS (#398418)                                    CIVIL ACTION

VERSUS

HEAD WARDEN STEVE RADER, ET AL.                            NO. 10-0118-JJB-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 1, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JARVIS QUALLS (#398418)                                              CIVIL ACTION

VERSUS

HEAD WARDEN STEVE RADER, ET AL.                           NO. 10-0118-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader, Ass't. Warden Bruce Coston, Director Leisle Schmidt, Director Louise Mitchell and Nurse Edith Williams, alleging that the defendants violated the plaintiff's constitutional rights in April, 2009, through deliberate indifference to his serious medical needs.

In his original Complaint, the plaintiff acknowledged that whereas he commenced an administrative grievance at DCI relative to the claim asserted herein, he further conceded that the grievance was rejected at the first step because it contained "multiple issues" in contravention of the prison grievance procedure.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the Complaint that an inmate has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Clifford v. Louisiana, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff has admitted in his Complaint that he has not exhausted administrative remedies relative to the claim presented herein. Accordingly, because the affirmative defense appears clear on the face of the Complaint, the plaintiff's Complaint is subject to dismissal, sua sponte, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim in forma pauperis.[2]

Signed in chambers in Baton Rouge, Louisiana, March 1, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).